AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

ORIGINAL

| United States District Court | District SOUTHERN DISTRICT OF GEORGIA | |
|---|---|---|
| Name of Movant MARK ELLIOTT MARTIN | Prisoner No 09883-021 | Case No. 968-00106-CR-4-5 |

Place of Confinement
FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 724, EDGEFIELD, S.C. 29824

**CV402-047**

UNITED STATES OF AMERICA          V.          MARK ELLIOTT MARTIN

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ___ UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF GEORGIA, SAVANNAH DIVISION

2. Date of judgment of conviction ___ NOVEMBER 18, 1998

3. Length of sentence ___ 360 MONTHS ON COUNTS 1, 14, and 16 CONCURRENTLY

4. Nature of offense involved (all counts) ___ COUNT 1 - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE COCAINE HYDROCHLORIDE AND CRACK COCAINE - 21:846; COUNTS 14 & 16 - DISTRIBUTION OF CRACK COCAINE - 21:841(a)(1)

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

9   If you did appeal, answer the following:

(a) Name of court __UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT__

(b) Result __AFFIRMED BY UNPUBLISHED PER CURIAM OPINION__

(c) Date of result __AUGUST 15, 2001 - NO. 99-8069__

10  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information

(a) (1) Name of court _____ N/A _____

(2) Nature of proceeding _____ N/A _____

_____

(3) Grounds raised_____ N/A _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐       N/A

(5) Result_____ N/A _____

(6) Date of result _____ N/A _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A _____

(2) Nature of proceeding _____ N/A _____

_____

(3) Grounds raised_____ N/A _____

_____

_____

_____

_____

_____

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐   N/A

(5) Result_____    N/A

(6) Date of result _____ N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc       Yes ☐ No ☐  N/A
(2) Second petition, etc      Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest

(e) Conviction obtained by a violation of the privilege against self-incrimination

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled

(i) Denial of effective assistance of counsel

(j) Denial of right of appeal

A   Ground one   Petitioner is "actual innocence" of being a career offender pursuant to U.S.S.G. §§4B1.1

Supporting FACTS (state *briefly* without citing cases or law)
SEE MEMORANDUM OF SUPPORTING FACTS

B. Ground two: COUNSEL FOR PETITIONER PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF PETITIONER'S SIXTH AMENDMENT

Supporting FACTS (state *briefly* without citing cases or law):
SEE MEMORANDUM OF SUPPORTING FACTS

N/A

C.   Ground three:

Supporting FACTS (state *briefly* without citing cases or law).
N/A

D.  Ground four. _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law). _____
_____ N/A _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

INEFFECTIVE ASSISTANCE OF COUNSEL IS USUALLY RAISED IN POST-CONVICTION
MOTION.  FOR GROUND ONE, §§2255 PROVIDES A MEANS FOR AN INMATE TO ATTACK
HIS CONVICTION AND SENTENCE, IF IT WAS IMPOSED IN VIOLATION OF THE
LAWS AND CONSTITUTION OF THE U.S. IN A COLLATERAL PROCEEDING.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:
                                        N/A
(a) At preliminary hearing _____
_____

(b) At arraignment and plea _____ DENNIS G. DOZIER, SR., PO.BOX 410, RINCON, GA
_____ 31326

(c) At trial _____ SAME as (b)
_____

(d) At sentencing _____ SAME AS (b)
_____

AO 243 (Rev. 5/85)

(c) On appeal ___ SAME AS (b) _____

(f) In any post-conviction proceeding ___ N/A _____

(g) On appeal from any adverse ruling in a post-conviction proceeding ___ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: ___ SPRINGFIELD
GEORGIA PROBATION OFFICE HAS PLACED A DETAINER AGAINST PETITIONER FOR
CASE NO. 97-3295 - STATE COURT OF EFFINGHAM COUNTY, GA.

(b) Give date and length of the above sentence: ___ IF PROBATION IS REVOKED, THE
MAXIMUM SENTENCE WHICH COULD BE IMPOSED IS (12) MONTHS

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_2 - 14 - 02_
(date)

_Mark Elliott Martin_
Signature of Movant

(7)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION


Mark Elliott Martin,
     Petitioner

                        C.A. No:   _____

-v-                      Cr.  No:   968-00106-CR-4-5

United States of America
     Respondent
_____/


## MEMORANDUM OF SUPPORTING FACTS


Ground One:  Petitioner is "actual innocence" of being a career offender pursuant to U.S.S.G. §§4B1.1.


Supporting Facts:  For the instant offense, it was incorrectly determined that Petitioner was a career offender pursuant to U.S.S.G. §§4B1.1.  A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. §§4B1.1.

It is undisputed that Petitioner was at least eighteen years old at the time he committed the instant offenses of conspiracy to possess with intent to distribute cocaine base (Count 1) and distribution of cocaine base (Counts 14 and 16), and the instant offenses were felonies that are controlled substance offenses. But, Petitioner did not have at least two prior convictions of either a crime of violence or a controlled substance offense. At paragraph 24 of Petitioner's Presentence Report (PSR), the Chapter Four enhancements for career offender were applied to Petitioner, but the two prior controlled substances offenses were not identified. Only a reference to Petitioner's criminal history was made.

Petitioner pled guilty to two counts of sale of cocaine on February 21, 1995 in the Superior Court of Chatham County, Georgia for conduct which occurred on December 13 and 14, 1991. On both dates, Petitioner met with an undercover agent and sold the agent $100.00 worth of crack cocaine. Petitioner was arrested for both sales on June 18, 1992. See paragraph 30 of Petitioner's PSR. Since the sentences for these two convictions were not counted separately under U.S.S.G. §§4A1.1(a),(b), or (c), they are considered only one prior drug conviction under §§4B1.1. Prior sentences imposed in related cases are to be treated as one sentence for purposes of §§4A1.1(a),(b), and (c). See also U.S.S.G. §§4A1.2(a)(2). Section 4A1.2(a)(2) requires counting two or more prior related sentences as one sentence in a defendant's criminal history when the prior sentences are related to each other. See **United States -v- Beddow**, 957 F.2d 1330, 1337 (6th Cir. 1992).

2

Application Note 3 to U.S.S.G. §§4A1.2 defines prior sentences imposed in related cases as those sentences that "resulted from offense that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Thus, the two sales of cocaine in Docket Number CR92-3041 are related cases, because, they were part of a single common scheme or plan and were consolidated for trial and sentencing. Therefore, the two sales of cocaine are considered as one prior felony conviction under §§4B1.1.

Petitioner was arrested on July 13, 1993 for the sale of cocaine on June 10, 1993. He pled guilty for this offense in the Superior Court of Chatham County, Georgia, on September 7, 1994. Even though, a criminal history point was attributed to Petitioner for this conviction, it was incorrectly attributed, because this conviction is relevant conduct for Count 1 of the instant offense. It was committed during the conspiracy period and it occurred in the same area as the counts of conviction for the instant federal offenses - Pinpoint/Sandfly area. See also paragraph 32 of Petitioner's PSR. Count 1 of the instant offense alleged that Petitioner conspired to possess with intent to distribute cocaine base with several named co-conspirators and several other known and unknown co-conspirators between May, 1993 and August 19, 1998, within the Southern District of Georgia.

Under U.S.S.G. §§4A1.2(a)(1), "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilty

3

... for conduct not part of the instant offense." So here, "the appropriate inquiry [must be] whether the 'prior sentence' and the present offense involve conduct that is severable into two distinct offenses. This is necessarily a fact-specific inquiry that involves more than just a consideration of the elements of the two offense." **United States -v- Beddow**, 957 F.2d 1330, 1338 (6th Cir. 1992). Factors such as the temporal and geographical proximity of the two offenses, common victims, and a common criminal plan or intent also must be considered. **United States -v- Banashefski**, 928 F.2d 349, 352 n.4 (10th Cir. 1991). See also **United States -v- Shewmaker**, 936 F.2d 1124, 1129 (10th Cir. 1991)(discussing similar factors under the "common scheme or plan" language of U.S.S.G. §§4A1.2, comment. (n.3), cert. denied, 112 S.Ct. 884 (1992)); and **United States -v- Query**, 928 F.2d 383, 385 (11th Cir. 1991).

The instant federal offenses and the State of Georgia sale of cocaine offense on June 10, 1993, involved the same criminal conduct that harmed the same societal interests. Each offense involved the same instances of unlawful conduct and each was committed in the same temporal and geographical proximity. The instant case of Petitioner parallels that of the defendant in **United States -v-Kenyon**, 7 F.3d 783, 787 (8th Cir. 1995), where the Eight Circuit held that the district court should not have used State Court conviction which arose out of same conduct as federal offense as predicate felony conviction for purposes of sentencing as career offender, since the State Court conviction was relevant conduct of the federal

4

offense.  See also Exhibit II.

"Actual innocence" exception to "cause and prejudice" requirement for consideration of issue following procedural default is not limited to death penalty habeas challenges, but also extends to non-capital sentencing enhancement cases.  **United States -v- Maybeck**, 23 F.3d 888, 893 (4th Cir. 1994).  See also **Mills -v- Jordan**, 979 F.2d 1273, 1279 (7th Cir. 1992)("actual innocence exception applies to habitual offender proceedings ... whether or not they involve the possibility of capital punishment"); **Jones -v- Arkansas**, 929 F.2d 375, 381 n. 16 (8th Cir. 1991)(defendant's claim that he was sentenced under habitual offender statute that did not apply to him came within actual innocence exception to cause and prejudice rule for habeas Petitioner); and **Smith -v- Collins**, 977 F.2d 951, 959 (5th Cir. 1992)(assuming, without deciding, that actual innocence exception applies to non-capital sentencing procedures), cert. denied. 114 S.Ct. 97 (1993). If one is "actual innocence" of the sentence imposed, a federal habeas court can excuse the procedural default to correct a fundamentally unjust incarceration, **Smith -v- Murray**, 477 U.S. 527, 537 (1986).


Ground Two:  Counsel for Petitioner provided ineffective assistance of counsel in violation of Petitioner's Sixth Amendment rights.

5

Supporting Facts: Counsel for Petitioner, Dennis G. Dozier, provided ineffective assistance of counsel for the following reasons: 1) Counsel failed to object to Petitioner being sentenced as a career offender; 2) Counsel failed to object at sentencing to Petitioner being sentenced under a statute, 21 U.S.C. §§841(b)(1)(B), which was neither charged nor proven beyond reasonable doubt; and 3) after failing to object at sentencing to the unproven element of effect for §§841(b)(1)(B), counsel failed to appeal the district court's lack of authority to sentence pursuant to §§841(b)(1)(B).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right "to have the Assistance of Counsel for his defense," and the United States Supreme Court has recognized that, "the right to counsel is the right to the effective assistance of counsel." McMann -v- Richardson, 397 U.S. 759 (1970). In Strickland -v- Washington, 466 U.S. 668 (1984), the Supreme Court outlined two components that a convicted defendant must show to prevail on a claim of ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient .... Second, the defendant must show that the deficient performance prejudice the defense." The Strickland standard of effectiveness applied equally to both guilty and sentencing phases of the trial. Smith -v- United States, 871 F.Supp. 251, 255 (E.D. Va. 1994).

As outlined in Ground One, supra, Counsel's performance was deficient for his failure to object to Petitioner being sentenced as a career offender; even though, Petitioner did not have two

6

prior felony convictions.  While Courts are properly deferential
to attorney's discretion, failure to raise objection to clear and
indisputable error in presentence report (PSR) is not within broad
range of performance that can be deemed reasonable.  See **United
States -v- Beatty**, 35 F.3d 557 (4th Cir. 1994); and **United States
-v- Kissick**, 69 F.3d 1048, 1056 (10th Cir. 1995).

   In **Kissick**, the Eight circuit held that "[a]ttorney's failure
to challenge use of prior conviction to classify defendant as career
offender, ... constitutes deficient performance of counsel under
**Strickland** test for ineffective assistance of counsel claim.  Id.
at 1056.  See also **Springs -v- Collins**, 993 F.2d 85, 89 n.4 (5th
Cir. 1993)(per curiam)("... when a deficiency by counsel resulted
in a specific, demonstrated enhancement in sentencing - such as
an automatic increase for a 'career offender or an enhancement for
use of a handgun during a felony - which would have not occurred
but for Counsel's error.")

   Counsel's deficient performance prejudiced Petitioner, because
as a career offender, he was sentenced at a base offense level of
37, criminal history category of VI and a sentencing range of 360 -
life.  Petitioner received terms of imprisonment of 360 months and
8 years of supervised release on Counts 1, 14, and 16, which were
imposed to run concurrently.  But, Petitioner should have had a
base offense level of 28, a criminal history category of V,[1] and
a sentencing range of 130-162 months.  Therefore, any sentence Petitioner
could receive for Counts 1, 14, and 16 would be less severe than

---

[1] Petitioner would lose two criminal history points when the para.
32 conviction is relevant conduct for the instant offense.  Hence,

7

the sentences he received for being a career offender.  See **Glover**
**-v- United States**, **121 S.Ct. 696, 697 (2001)**(held that increase
in prison sentence of from 6 to 21 months constituted prejudice
required for establishing ineffective assistance, assuming that
increase resulted from error in Sentencing Guidelines determination).
See also Exhibit II - Petitioner's guilty plea and sentencing for
the drug offense listed at para. 32 of his PSR.

Counsel also provided deficient performance for his failure
to object to Petitioner being sentenced pursuant to §§841(b)(1)(B)
when he had been charged and convicted for violating the penalty
provisions of §§841(b)(1)(C).  Sentencing pursuant to §§841(b)(1)(B)
would have required 5 grams or more of crack cocaine, to be charged
in the indictment and proven beyond reasonable doubt.  Petitioner
was charged with conspiring to possess with intent to distribute
cocaine hydrochlordide and cocaine base for Count 1.  For Counts
14 and 16, the applicable amounts of cocaine base. 5 grams and
11 grams, respectively, were charged in the indictment for sentencing
under §§841(b)(1)(B), but the jury was not instructed to find these
amounts of cocaine and/or cocaine base for Counts 1, 11, and 16.
Hence, at sentencing, the court had authority to sentence for the
offenses which the jury had found existed - §§841(b)(1)(C).

---

1  Petitioner would have 11 **criminal** points instead of 12, but most
importantly, he is not a **career** offender.

8

In **Apprendi -v- New Jersey, 120 S.Ct. 2348 (2000)**, the Supreme
Court announced a new rule of constitutional law which stated that
"[o]ther than fact of a prior conviction, any fact that increases
penalty for a crime beyond prescribed statutory maximum must be
submitted to the jury and proved beyond reasonable doubt." Id.
at 2362-63.   The Supreme Court illustrated that its new rule in
**Apprendi** was derived from a history of jurisprudence by stating
the following quotes from Archbold:

> "When a statute annexes a higher degree of
> punishment to a common-law felony, if committed
> under particular circumstances, an indictment for
> the offense, in order to bring the defendant
> within in that higher degree of punishment, must
> expressly charge it to have been committed under
> those circumstances, and must state the circumstances
> with certainty and precision.  [2M. Hale, Pleas
> of the Crown*170]."

**Apprendi, at 2357** quoting Archbold, Pleading and Evidence in Criminal
Cases, at 51.[2]  If then,

> "Upon an indictment under the statute, the
> prosecutor proves the felony to have been
> committed, but failed in proving it to have
> been committed under the circumstances
> specified in the statute, the defendant shall
> be convicted of the common-law felony only."

**Apprendi, at 2357-58** quoting Archbold at 188.  Therefore, the Prosecutor,
in the instant matter, proved a violation of §§841(b)(1)(C) had

---

[2]  J. Archbold, Pleading and Evidence in Criminal Cases 44 (15th
ed. 1862).

been committed for Counts 1, 14, and 16, but failed in proving the counts had been committed under the circumstances specified in §§841(b)(1)(B), so, Petitioner can only be sentenced for the proven offenses.

Thus, counsel for Petitioner should have objected to Petitioner being sentenced for offenses which, for Count 1, was neither charged nor proven, and for Counts 14 and 16, which were not proven.  As the Fourth Circuit suggested in **Sanders**, "[t]he germ of Sander's **Apprendi** claim had sprouted at the time of his conviction and there is no reason why he could not have raised it then.  Although, the court may not have been likely to accept Sander's argument.  Sanders plainly had at his disposal the essential tools with which to construct his claim.  **United States - v- Sanders**, 247 F.3d 139, 146 (4th Cir. 2001).  See also **United States -v- Smith**, 241 F.3d 546, 548 (7th **Cir. 2001**)("The foundation for **Apprendi** was laid long before 1992. Other defendants had been making **Apprendi**-like arguments ever since the Sentencing Guidelines came into being, and in **McMillan -v- Pennsylvania**, 477 **U.S. 79 (1986)**, the [Supreme] Court addressed on the merits an argument along similar lines.")

Therefore, there were ample reasons why counsel for Petitioner should have objected to the "unconstitutional" sentences Petitioner received for Counts 1, 14, and 16, plus, it was not the defendants who made the **Apprendi**-like arguments as long ago as the enactment of the Guidelines, it was counsel for those defendants who made the arguments at sentencing and/or on direct appeal.  See

10

<u>United States -v- McNeese</u>, 901 F.2d 585, 605 (7th Cir. 1990); and

<u>United States - v- Cross</u>, 916 F.2d 622, 623 (11th Cir. 1990)(held

that prosecutor was not required to allege and prove quantity as

essential element of crimes ...).  Since, Petitioner elected to

be represented by counsel at trial, sentencing, and on direct appeal,

it was counsel who failed to object, and thus, it was counsel's

performance which was deficient.  <u>United States -v- Cross</u>, 893 F.2d

1287, 1290 (11th Cir. 1990)(Although defendant generally bears risk

of attorney error that results in procedural default, for purposes

of motion to vacate conviction, such error cannot be attributed

to defendant when counsel's performance is constitutionally ineffective).

To differentiate between sentencing "factors" and "elements"

of an offense, especially as was done with the subsections of §§841(b)(1),

the Supreme Court endorsed the following statement in support of

its new rule of constitutional law:

> "[I]t is unconstitutional for a legislature
>
> to remove from the jury the assessment of facts
>
> facts that increase the prescribed range of
>
> penalties to which a criminal defendant is
>
> exposed.  It is equally clear that such facts
>
> must be established by proof beyond a
>
> reasonable doubt."

<u>Apprendi</u>, 120 S.Ct. at 2363.  Thus, §§841(b)(1)(A) and §§841(b)(1)(B)

are unconstitutional, because the legislature determined that the

11

identities and quantities of controlled substances under §§841(b)(1) were sentencing factors, not elements of the more severe penalty provisions which were required to be alleged and proven beyond a reasonable doubt.  See **United States -v- Buckland**, 259 **F.3d** 1157 **(9th Cir. 2001)**(held that determine sentencing provisions of federal narcotics statute were unconstitutional on their face, as permitting judge to find, under preponderance of evidence standard, a fact which increased maximum penalty to which defendant was exposed).

An example will serve to illustrate what counsel allowed to occur with Petitioner.  A defendant is charged and found guilty for voluntary manslaughter; but at sentencing, the judge, using a standard of less than beyond reasonable doubt, determines that the evidence shows that the offense was committed with malice, and the sentence the defendant pursuant to a second degree murder charge and conviction.  The second degree murder sentence could not stand, and the sentences Petitioner received for Counts 1, 14, and 16 should likewise be vacated, and Petitioner should be sentenced based on the jury's guilty verdict for the proven offenses only.

After counsel failed to object to the unconstitutional sentences Petitioner received at his sentencing for Counts 1, 14, and 16, counsel failed to appeal the unconstitutional sentences; even though, **Apprendi** was decided by the Supreme Court and applied by the Eleventh Circuit while Petitioner's direct appeal was pending.  See **United States -v- Rogers**, 228 **F.3d** 1318 (11th Cir. Sept. 29, 2000).  After Petitioner's appeal was filed in 1999, the Government requested and received a limited remand to this court to conduct an evidentiary hearing to inquire into allegations that the government suppressed potential impeachment evidence concerning a prosecution witness. See **United States -v- Martin**, **No. 99-80069-DD (11th Cir. Aug. 12,**

12

1999).  At the time of the hearing and this Court's Order denying the issue raised, **Jones -v- United States**, 119 S.Ct. 1215 (1999) was decided by the Supreme Court, where it was suggested that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  Id. at 243, n.6.

Once this court denied the issue from the limited remand on April 17, 2000, counsel for Petitioner resubmitted Petitioner's direct appeal, but counsel did not include an **Apprendi**-like argument; even though, **Apprendi** had been decided and counsel had been requested to do so by Petitioner.  Petitioner placed Attorney Dennis Dozier's office telephone number, (912) 826-5253, on his prison telephone list and called him repeatedly to request that an **Apprendi**-like argument be made on his behalf.  See Exhibit I which is a request and approval to add Dozier's telephone number to Petitioner's telephone list.  Petitioner also called counsel from one of his Unit Team Member's office on several occasions to inquire about the status of his appeal and to get counsel to amend his appeal with an **Apprendi**-like argument.  Counsel provided deficient performance for his failure to include or to amend the direct appeal of Petitioner with an **Apprendi** claim.  Petitioner's direct appeal was denied on August 15, 2001 which was more than one years after **Apprendi** was decided.  See **United States -v- Martin**, no. 99-8069 (11th Cir. Aug. 15, 2001).

13

As Justice Black wrote in <u>Von Moltke -v- Gillies</u>, 332 U.S. 708, 725-726 (1948):

> "... the right to counsel guaranteed by the
> constitution contemplates the services of an attorney
> devoted solely to the interests of his client.
> <u>Glasser -v- United States</u>, 315 U.S. 60, 70 ...."

<u>Strickland's</u> performance and prejudice prongs "partially overlap when evaluating the performance of appellate counsel." <u>Miller -v- Keeney</u>, 882 F.2d 1428, 1434 (9th Cir. 1989). The Sixth Amendment does not require an attorney to raise every non-frivolous issue on appeal. See <u>Jones -v- Barnes</u>, 463 U.S. 745, 751 (1983). Consequently, appellate engage in a process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." <u>Smith -v- Murray</u>, 477 U.S. 527, 536 (1985)(quoting <u>Jones</u>, 463 U.S. at 751-52). But, an appellant advocate may delivery deficient performance and prejudice a defendant by omitting a "dead-bang winner," even though counsel may have presented strong but unsuccessful claims on appeal. <u>Page -v- United States</u>, 884 F.2d 300, 302 (7th Cir. 1989). In the instant case of Petitioner, an <u>Apprendi</u> claim is a "dead-bang winner," because, it is an issue which was obvious from the sentencing record and the new rule of constitutional law. See e.g. <u>Matire -v- Wainwright</u>, 811 F.2d 1430, 1438 (11th Cir. 1987).

Petitioner respectfully requests that his sentences for Counts 1, 14, and 16 be vacated and that he be resentenced consistent with

the above arguments, or in the alternative, the Government be required to prove the drug amounts which the indictment alleges for Counts 1 14 and 16.

Respectfully submitted this _14_ day of _february_ , 2002.

*Mark Elliott Martin*
Mark Elliott Martin
Reg. 09883-021
Federal Correctional Institution
P.O. Box 724
Edgefield, S.C. 29824

15

BP-S505-052, DEC 95
U.S. DEPARTMENT OF JUSTICE

TELEPHONE NUMBER REQUEST - INMATE
FEDERAL BUREAU OF PRISONS

I am requesting that the following names and telephone numbers be placed on my telephone list. I state that to the best of my knowledge the persons on this list are agreeable to receiving my calls and that telephone calls to those persons will be made for purposes allowable under Bureau policy and institution guidelines. I understand that submitting more than 30 numbers requires approval of the Associate Warden.

| Register No. | Inmate Name (Print) | Unit |
|---|---|---|
| 09883-021 | Mark Martin | C-3 |

| Inmate Signature | Date |
|---|---|
| Mark Martin | |

You will be notified by a member of your unit staff if a telephone number is not placed on your telephone list

| A = Add<br>D = Delete | Area Code<br>Telephone Number | Name/Relationship | Street Address<br>City/State/Zip Code/Country | Staff Use<br>Date Notice<br>Letter Sent |
|---|---|---|---|---|
| A | 912<br>826-5253 | Dennis G. Dozier, Sr<br>Lawuer | P.O. Box 410 Rincon, GA<br>31326 | 12-10-9 |
| A | 706<br>864-3564 | Christina Adams<br>best Frind | 2395 oak grove Rd<br>Dahlonega, GA 30533 | 12-10-9 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Use additional sheet(s) for more than 10 requests at this time. | Please complete for use by<br>Trust Fund Staff | ☐ Non-English<br>Speaking |
|---|---|---|

| Reviewed by Unit Staff Member (Printed Name & Signature) | Date |
|---|---|
| X Sibzo | 11-29-99 |

| To be completed by Trust Fund Upon Input Into System (Initial) | Date |
|---|---|

Record (Signature) Copy - Central File, Copy - Trust Fund Supervisor, Copy - Inmate
(This Form May Be Reproduced Via WP)

PAGE___ OF___ P
Replaces BP-505(52) of AI

Exhibit I

FILED

1994 NOV 23 AM 9:46

1

IN THE SUPERIOR COURT OF CHATHAM COUNTY FOR THE

2

EASTERN JUDICIAL CIRCUIT OF GEORGIA

3

4

5     THE STATE OF GEORGIA          )
                                    )
6                                   )
                                    )
7     V.                            )     No. CR94-0699 - Sale of CS
                                    )
8                                   )
                                    )
9     MARK ELLIOTT MARTIN           )

10

11

12

13     _____

14     Transcript of the proceedings at the entry of a GUILTY PLEA in
       the above matter on the 7th day of September, 1994 at the Court
15     House in Savannah, Chatham County, Georgia, before The Honorable
       Charles Mikell, Judge, Superior Court, E.J.C. of Georgia.

16     _____

17

18     **Appearances:**

19

20         For The State:        MS. ANGELA HINTON,
                                  Assistant District Attorney,
21                                Savannah, Georgia.

22

           For The Defense:      MR. MICHAEL SCHIAVONE,
23                                Savannah, Georgia.

24

25

Exhibit II

1          THE COURT:  State v. Mark Elliott Martin.  Is the State

2     ready?

3          MS. HINTON:  Your Honor, if Mr. Schiavone and I could

4     approach the Bench?

5              (NOTE:  Off-the-record Bench conference.)

6          THE COURT:  Come up a little closer, Mr. Martin, so I

7     can engage you in colloquy.  You have a constitutional right

8     to remain silent; nonetheless, are you willing to answer

9     some questions for me?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Raise your right hand.

12     <u>MARK E. MARTIN WAS SWORN AND EXAMINED BY THE COURT AS</u>

13     <u>FOLLOWS</u>:

14          Q    I want to make certain that you understand what you're

15     doing and that you're doing it voluntarily.  You're charged with

16     sale of a controlled substance.  You could get several decades in

17     prison for that.  The maximum on a first offense is thirty years

18     in the penitentiary and the least you could get is five years,

19     and I could give you anything in between.  Do you understand

20     that?

21          A    Yes, sir.

22          Q    Have you had time to discuss your situation with your

23     lawyer?

24          A    Yes, sir.

25          Q    Are you satisfied with the services of your lawyer?

2

1    A    Yes.

2    Q    Was any violence or threat of violence used to get you

3    to plead guilty?

4    A    No, sir.

5    Q    Did anybody promise you anything to get you to plead

6    guilty?

7    A    No.

8    Q    Have you had any drugs or alcohol in the last twelve

9    hours?

10    A    No, sir.

11    Q    Are you in fact guilty?

12    A    Yes, sir.

13    Q    Let me read you a list of rights that you give up when

14    you plead guilty.  You waive the right to remain silent, the

15    right to trial by jury, the presumption of innocence, the right

16    to confront the witnesses against yourself, the right to subpoena

17    witnesses to testify and to offer other evidence, the right to

18    assistance of counsel during the trial, and the right not to

19    incriminate yourself.  Are you willing to give up those rights?

20    A    Yes, sir.

21    Q    I'm supposed to tell you one more time, if you plead

22    not guilty or if you just remain silent, you get a jury trial on

23    these charges.  Do you want that jury trial or do you want to go

24    ahead and plead guilty?

25    A    I'd rather go ahead and plead guilty.

3

THE COURT:  I'll accept the plea.  Sign him up.
(Pause)  Five years probated.  Special conditions of
probation, stay away from Pinpoint and Skidaway Mobile
Estates for the next two years and then for the balance of
probation, in other words, the last three years, you can be
in those two locations in the daylight but not at night, and
I'm defining night explicitly as you cannot be there between
six p.m. and six a.m.  In other words, you can only go in
the day time.  But for the next two years, you can't go
there at all.  Do you understand?

THE DEFENDANT:  Uh-huh (affirmative).

THE COURT:  Okay, step around to the room in the back
and meet with your probation officer, please.

END OF PROCEEDINGS.

4

## C E R T I F I C A T E

1

2

3          I, WILLIAM M. DeLOACH, do hereby certify that the

4   foregoing four (4) pages of typewritten material were taken down

5   and transcribed under my supervision and that the same contain a

6   true, correct, and complete transcript of the proceedings as

7   stated in the caption.

8          I further certify that I am not of kin nor counsel to

9   any of the parties hereto and, further, that I have no interest

10  whatsoever in the outcome of said proceedings.

11          SO WITNESS MY HAND AND SEAL this 9th day of November,

12  1994.

13

14                        William M. DeLoach,

15                        Certified Court Reporter A-4,
                          Savannah, Georgia.

16

17

18

19

20

21

22

23

24

25

                                    5