ORIGINAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
U.S DISTRICT COURT
SAVANNAH DIV.
2002 JUN 14 PM 4 03
CLERK _____
SO DIST. OF GA

| | |
|---|---|
| MARK ELLIOTT MARTIN ) | CV402-47 |
| ) | (underlying CR498-106) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |

## GOVERNMENT'S RESPONSE TO MARTIN'S
## 28 U.S.C. §2255 MOTION

COMES NOW the United States of America, by and through Richard S. Thompson, United States Attorney for the Southern District of Georgia, and responds to Mark Elliott Martin's 28 U.S.C. §2255 motion. For the following reasons, the Court should deny Martin's motion without an evidentiary hearing.

### A. Background

On September 4, 1998, Mark Elliott Martin and 13 codefendants were indicted in the Southern District of Georgia. [Doc 62][1] Count 1 charged Martin and his codefendants with conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride and crack cocaine beginning on or about May 1993 to August

---

[1] Citations are to the District Court docket sheet in case number CR498-106.

19, 1998, in violation of 21 U.S.C. §846. [Doc 62 at 1-2] Count 14 charged Martin with distribution of five grams of crack cocaine on January 13, 1998, in violation of 21 U.S.C. §841(a)(1). [Doc 62 at 7-8] Count 16 charged Martin with distribution of 11 grams of crack cocaine on February 6, 1998, in violation of 21 U.S.C. §841(a)(1). [Doc 62 at 8]

Following a jury trial, Martin was convicted on counts 1, 14, and 16. [Doc 341; Doc 416 at 667] The probation officer prepared Martin's presentence investigation report. [PSI] The probation officer recommended that Martin be attributed with 17.2 grams of crack cocaine, the amounts he sold on January 13, 1998 (5.5 grams) and February 6, 1998 (11.7 grams)(counts 14 and 16). [PSI ¶¶5, 6, 9] The probation officer determined that Martin was a career offender based on his two prior state convictions for sale of cocaine.[2] [PSI ¶¶30, 32] Martin did not object to the drug quantity attributed to him in the PSI, or to his classification as a career offender. [PSI addendum; Sent Tr at 3-13][3]

---

[2] At offense level 37, criminal history category VI, Martin's applicable sentencing range was 360 months to life imprisonment. [PSI ¶63; Sent Tr at 18]

[3] Indeed, following a "word for word" reading of the PSI, PSI addendum, and sentencing recommendation to Martin by his counsel, Martin stated that there was no additional information in the PSI that he wished to comment on or that was incorrect. [Sent Tr at 16-17] Martin, through counsel, objected only to being awarded an enhancement for obstruction of justice (USSG §3C1.1) and being denied a reduction for acceptance of responsibility (USSG §3E1.1). [PSI

2

On January 13, 1999, the Court sentenced Martin to 360 months imprisonment on each count, to be served concurrently, eight years supervised release on each count, to be served concurrently, and $300 special assessment. [Doc 381] Martin appealed, and the Eleventh Circuit affirmed. United States v. Chisholm, 273 F.3d 1109 (11th Cir. 2001)(Table).

Martin, who is incarcerated at the Federal Correctional Institution at Edgefield, SC, timely filed the instant 28 U.S.C. §2255 motion on February 21, 2002. [Doc 565]

**B. Issues Presented**

Martin claims that the Court incorrectly sentenced him as a career offender. [Mot at 5; Memo at 1] Specifically, Martin contends that the conviction detailed in PSI ¶32 was conduct relevant to the count 1 conspiracy, and so was not properly countable as a prior conviction for application of the career offender provision of the Sentencing Guidelines (USSG §4B1.1). [Memo at 3-4][4] Martin also claims that his counsel was ineffective for failing to object to Martin being sentenced as a career

---

addendum; Sent Tr at 3-13]

[4] Martin also claims that his prior conviction on two counts of sale of cocaine in PSI ¶30 was "related" and should therefore only have been counted as one prior conviction. [Memo at 2-3] Because the PSI reflects that the probation officer only counted the conviction as a single prior conviction, this argument is moot.

3

offender [Memo at 6], and for failing to raise an Apprendi[5] argument at sentencing or on appeal. [Memo at 6, 8, 9-13]

## C. Discussion and Citation of Authority

### 1. Procedural Bar

#### a. Claims Previously Available

Previously available claims not timely raised are procedurally defaulted absent a showing of cause and prejudice. United States v. Frady, 456 U.S. 152, 167 (1982); Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). Martin must show 1) "'cause' excusing his double procedural default" and 2) "'actual prejudice' resulting from the errors of which he complains" in order to avoid procedural default. Frady, 456 U.S. at 168. Because the substantive claims presented by Martin in his §2255 motion were available to him at the time of his sentencing and direct appeal, the claims are procedurally defaulted absent a showing of cause and prejudice.

#### b. Sentencing Guidelines Issues Not Cognizable on 2255 Review

Additionally, sentencing guidelines errors are not cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416 (11th Cir. 1995); see also Martin

---

[5] Apprendi v. New Jersey, 530 U.S. 466 (2000).

4

v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996)("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255."). When a defendant has been given the opportunity to review his presentence investigation report ("PSI"), and to be heard at sentencing, his failure to raise a challenge to the PSI at sentencing will foreclose him from raising the challenge in a §2255 motion. United States v. Peloso, 824 F.2d 914, 915 (11th Cir. 1987). Indeed, to raise such a challenge for the first time post-judgment is too late. Peloso, 824 F.2d at 915 (citing Simmons v. United States, 777 F.2d 660 (11th Cir. 1985)).

Moreover, the Eleventh Circuit, agreeing with several of its sister circuits, more recently clarified that non-constitutional sentencing guidelines issues do not provide a basis for collateral relief in the absence of a complete miscarriage of justice. Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998)(citing United States v. Payne, 99 F.3d 1281-82 (5th Cir. 1996)(holding that district court's technical application of the guidelines is a non-constitutional issue that is not cognizable on collateral review absent a complete miscarriage of justice); Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996)(holding that absent a complete miscarriage of justice, challenges to the application of the guidelines will not be considered on collateral

5

review where the defendant failed to raise them on direct appeal); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995)(holding that ordinary questions of guideline interpretation falling short of a miscarriage of justice do not present a proper §2255 claim); United States v. Schlesinger, 49 F.3d 483, 485-86 (9th Cir. 1994)(concluding that nonconstitutional sentencing issues that have not been raised on direct appeal generally may not be reviewed under §2255 with the possible exception of errors not discoverable in time for direct appeal); United States v. Faubion, 19 F.3d 226, 232-33 (5th Cir. 1994)(holding that an attack on the district court's upward departure from the guidelines is not cognizable in a §2255 action absent miscarriage of justice); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993)(stating that petitioner could not raise, by means of §2255, an allegation that the district court misapplied the sentencing guidelines where the sentence had become final, petitioner had not appealed, and the petitioner failed to demonstrate any extraordinary circumstances warranting collateral attack on his sentence).

**2. Ineffective Assistance of Counsel**

Seeking to make the requisite showing of cause and prejudice, Martin alleges ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court created a two-part test for determining whether a petitioner received ineffective assistance of counsel. First, a petitioner must demonstrate that

his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. Second, a petitioner must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong of the Strickland test (the "performance prong"), deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." Cross, 893 F.2d at 1290. The reasonable of the attorney's performance is to be evaluated from the attorney's perspective at the time of the alleged error, in light of all the circumstances. Strickland, 466 U.S. at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted); see Mincey v. Head, 206 F.3d 1106, 1143 (11th Cir. 2000)(quoting Strickland), cert. denied, 532 U.S. 926 (2001); Reece v. United States, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997)(summarizing Strickland requirements).

Under the second prong of Strickland (the "prejudice prong"), a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Counsel is not ineffective under the Strickland standard for failing to raise meritless issues on appeal. Chandler v. Moore, 240 F.3d 907, 917 (11th Cir.), cert. denied, 522 U.S. 649 (2001); Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 110 (11th Cir. 1989).

### 3. Career offender

Count 1 of the indictment charged Martin and various co-defendants with engaging in a drug conspiracy from approximately May 1993 to August 19, 1998. [Doc 62] On June 10, 1993, Martin sold cocaine, for which he was indicted in the Superior Court of Chatham County and pleaded guilty in September 1994. [PSI ¶32] The state released Martin from custody on October 7, 1997 [PSI ¶32], after which he engaged in the two 1998 transactions underlying the two substantive counts of conviction. [PSI ¶¶5-6]

Martin now contends that his 1994 state conviction should not count as a predicate conviction under the career offender guideline, USSG §4B1.1, since the underlying offense occurred (barely) within the alleged time frame of the conspiracy. Martin's argument fails for two reasons: An intervening prison sentence separated the state offense from the federal offense, and the 1993 state conduct was temporally distinct from the 1998 acts committed by Martin in furtherance of the conspiracy.

A defendant is a career offender if 1) he was at least 18 years old at the time of the instant offense; 2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and 3) the defendant has at least two prior felony convictions of either crimes of violence or controlled substance offenses. See 28 U.S.C. § 994(h) (providing for career offender guideline); USSG §4B1.1; see, e.g., United States v. Pinion, 4 F.3d 941, 943 (11th Cir. 1993)(summarizing career offender requirements). Martin did not object to being classified as a career offender based on his two prior convictions outlined in PSI ¶¶30 and 32 [PSI addendum; Sent Tr at 3-13], and now challenges only whether his two prior felony drug convictions qualify under the third prong of the career offender guideline.

As for the third prong, the two prior predicate felony convictions must be unrelated. See USSG §4B1.2(c). "[P]rior sentences imposed in unrelated cases are counted separately." USSG §4A1.2(a)(2); see also USSG §4B1.2, comment. (n. 4)

(providing that USSG §4A1.2 applicable to counting convictions under USSG §4B1.1). "Prior sentence" means "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." USSG §4B1.2, comment (n.1). "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct)." Id.

"...[O]ffense conduct associated with a sentence that was imposed prior to the acts...constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction." USSG §1B1.3, comment. (n.8). Application note 8 to USSG §1B1.3 provides this clarifying example:

> ... The defendant was convicted for the sale of cocaine and sentenced to state prison. Immediately upon release from prison, he again sold cocaine to the same person, using the same accomplices and modus operandi. The instant federal offense (the offense of conviction) charges this latter sale. **In this example, the offense conduct relevant to the state prison sentence is considered as prior criminal history, not as part of the same course of conduct or common scheme or plan as the offense of conviction.** The prior state prison sentence is counted under Chapter Four (Criminal History and Criminal Livelihood). ...

USSG § 1B1.3, comment. (n.8)(emphasis added).

Martin's case is identical to this example. Martin was arrested on July 31, 1993, for a cocaine sale that occurred on June 10, 1993. [PSI ¶32] On September 7,

1994, Martin pleaded guilty and received a five year probated sentence. [Id.] On July 17, 1995, two years of Martin's parole was revoked due to his May 12, 1995 arrest on other charges, and for his failure to honor the terms of his probation. [Id.] On August 8, 1997, six months of Martin's probation was revoked due to his conviction on other charges. [Id.] Martin was released from jail on October 7, 1997. [PSI ¶32; Trial Tr at 469]

The evidence at trial showed that following Martin's release from jail, Martin sold crack cocaine to Rufus Anderson on January 13, 1998, and on February 6, 1998. [PSI ¶¶5-6] Martin admitted to these cocaine sales in his testimony at trial. [PSI ¶11; Trial Tr at 476-78]. Because Martin's offense conduct in the instant federal case was separated from the offense conduct underlying his 1994 state conviction for sale of cocaine (PSI ¶ 32) by an intervening prison sentence, it was properly counted as a prior conviction rather than as conduct relevant to the count 1 conspiracy. USSG §1B1.3, comment. (n.8);[6] see United States v. Adams, 125 F.3d 586, 594 (7th Cir. 1997)(citing USSG §4A1.2(a)(2), comment. (n.3), and determining that prior state conviction for cocaine distribution could serve as predicate offense for career

---

[6] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that Guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

offender classification of defendant being sentenced for federal cocaine distribution conspiracy, even if state conviction involved same conspiracy because state drug conviction was separated from the conspiracy offense by arrest, conviction, and service of state sentence); cf. Hagins v. United States, 267 F.3d 1202, 1208 (11th Cir. 2001)(upholding sentencing enhancement based on prior conviction even though state conviction was for drug activity that was part of the same course of conduct as his federal conspiracy charge, given evidence that defendant continued to engage in conspiracy after his state conviction); United States v. Hansley, 54 F.3d 709, 717 (11th Cir. 1995)("the degree of criminal activity that occurs after a defendant's conviction for drug-related activity is final rather than when the conspiracy began.")(cit. omitted); see also United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997) (relying on Hansley to determine that conviction during course of conspiracy can serve as prior conviction for enhancement purposes when a month elapsed between state and federal convictions).

In Martin's case, the acts he committed in furtherance of the conspiracy occurred in January and February 1998, almost five years after the June 10, 1993, sale of cocaine which was the subject of his state conviction, and following his release from state prison. [PSI ¶ 32] Cf. United States v. Garecht, 183 F.3d 671, 674-75 (7th Cir. 1999)(because court of appeals could not conclude that defendant was arrested

for state cocaine offense prior to committing federal marijuana conspiracy, cocaine offense was relevant conduct to marijuana conspiracy). For these reasons, the Court did not err by sentencing Martin pursuant to the career offender provision of the sentencing guidelines.

### 4. Apprendi

Martin's claim that he was sentenced on the basis of drug quantities not charged in the indictment or proven beyond a reasonable doubt is without merit. Counts 14 and 16 of the indictment charged Martin with distributing five and eleven grams of crack cocaine, respectively. [Doc 62 at 7-8] Martin admitted selling these amounts of crack cocaine in his testimony at trial [PSI ¶11], and the Court sentenced Martin on the basis of only these amounts of crack cocaine. [PSI ¶9] The government complied with Apprendi's requirements.

Martin's claim that he asked his attorney to raise an Apprendi argument on appeal is unavailing. [Memo at 9-13] Martin's sentence in this case was driven by the Court's determination that he was a career offender, which established his base offense level at 37 and his criminal history category at VI. [PSI ¶¶24, 42] There was no Apprendi error. United States v. Anderson, ____F.3d____, 2002 WL 820677 (11th Cir. 2002)(affirming defendant's sentence of life imprisonment pursuant to

career offender provision of guidelines where evidence at trial proved defendant's involvement with 8 grams of crack cocaine and 3.8 grams of powder cocaine).

**D. Conclusion**

WHEREFORE, the government respectfully requests that this Court deny Martin's 28 U.S.C. §2255 motion.

Respectfully submitted this 14th day of June, 2002.

RICHARD S. THOMPSON
UNITED STATES ATTORNEY

Amy Lee Copeland
Assistant United States Attorney
Georgia Bar No. 186730

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing government's response to Mark Elliott Martin's 28 U.S.C. §2255 motion has been mailed to the following:

Mark Elliott Martin, Reg. No. 09883-021
Federal Correctional Institution
P. O. Box 724
Edgefield, SC 29824

This 14th day of June, 2002.

                                        RICHARD S. THOMPSON
                                        UNITED STATES ATTORNEY

                                        Amy Lee Copeland
                                        Assistant United States Attorney
                                        Georgia Bar No. 186730

United States Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401
(912) 652-4422